UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EMILE AUGUST<br>*Plaintiff* | * <br> * <br> * | CIVIL ACTION NO. 23-07143 |
| VERSUS | * <br> * | JUDGE: BRANDON S. LONG |
| SAFECO INSURANCE COMPANY<br>OF AMERICA<br>*Defendant* | * <br> * <br> * | MAGISTRATE JUDGE: KAREN WELLS ROBY |

**SAFECO INSURANCE COMPANY OF AMERICA'S
AFFIRMATIVE DEFENSES, ANSWER, AND REQUEST FOR JURY TRIAL**

Defendant, Safeco Insurance Company of America, ("Safeco" or "Defendant"), hereby responds to Plaintiff's Petition for Damages (the "Petition") (R. Doc. 1-1) with the following affirmative defenses, answer, and jury demand:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the limits, provisions, terms, conditions, endorsements and/or exclusions of the homeowners policy number OF2899779, issued by Safeco Insurance Company of America to Emile August (the "Policy"). Such Policy is pled and incorporated herein as set forth herein in its entirety.

**SECOND DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata, laches, unclean hands, waiver, payment, estoppel, and/or set-off.

**THIRD DEFENSE**

Plaintiff's claims may be barred in whole or in part by their failure to mitigate damages.

**FOURTH DEFENSE**

Safeco has not waived any of its rights under the Policy.

1

### FIFTH DEFENSE

Plaintiff's claims are set off by prior payments under the Policy or any other policy or by payments from any third parties.

### SIXTH DEFENSE

Safeco denies that it breached any statutory duties to Plaintiff; however, should Plaintiff establish a violation of statutory duties, Plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

### SEVENTH DEFENSE

Plaintiff has no right to recover penalties, attorneys' fees, and/or costs.

### EIGHTH DEFENSE

Plaintiff has failed to state facts sufficient to give rise to a claim against Safeco for bad faith penalties.

### NINTH DEFENSE

Safeco denies that it received satisfactory proof of loss of the full extent of the damages claimed by the Plaintiff as the term is construed under Louisiana law.

### TENTH DEFENSE

Safeco avers that it has no duty to indemnify against unnecessary, unreasonable, or excessive repair costs. Safeco settle losses according to the Policy as written.

### ELEVENTH DEFENSE

To the extent that Plaintiff asserts claims for preexisting damage, these claims are prescribed.

## TWELFTH DEFENSE

Safeco avers that the cause of all damages complained of is not the events that are the subject of this litigation.

## THIRTEENTH DEFENSE

The Policy insures against accidental direct physical loss to property resulting from a covered cause of loss only.

## FOURTEENTH DEFENSE

The Policy (homeowners policy number OF2899779) excludes coverage for damage caused by seepage, wear and tear and deterioration, inherent vice or latent defect, and/or settling, cracking, or bulging of foundations, walls, floors, etc.:

**SECTION I – PROPERTY COVERAGES**
**BUILDING PROPERTY LOSSES WE DO NOT COVER**

We do not cover loss caused directly or indirectly by any of the following excluded perils. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area;
. . .
5.  Continuous or repeated seepage or leakage of water or steam, or the presence of condensation or humidity, moisture or vapor which occurs over a period of more than 14 days.
6.  a.  wear and tear, marring, scratching, deterioration;
    b.  inherent defect, mechanical breakdown;
    c.  smog, rust, or other corrosion, or electrolysis;
       . . .
    e.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs, ceilings, swimming pools, hot tubs, spas or chimneys . . .

These exclusions, among others, may bar coverage for all or some of Plaintiff's claims.

3

**FIFTEENTH DEFENSE**

The Policy (homeowners policy number OF2899779) excludes coverage for damage or loss caused by earth movement; certain water damage; neglect; and faulty and defective workmanship:

**SPECIAL PROVISIONS - LOUISIANA**
**SECTION I – PROPERTY COVERAGES**
**BUILDING PROPERTY LOSSES WE DO NOT COVER**

We do not cover loss caused directly or indirectly by any of the following excluded perils. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area;

. . .

9. **Earth Movement**, meaning:
    a. the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, mudslide, sinkhole, subsidence, movement resulting from improper compaction, site selection or any other external forces, erosion including collapse or subsidence of land along body of water as a result of erosion or undermining resulting from the action of water. This includes the channeling of a river or stream;
    b. erosion, shifting or displacement of materials supporting the foundation; and
    c. volcanic blast, volcanic explosion, shockwave, lava flow, lahars and fallout of volcanic particular matter.

This exclusion applies whether the earth movement is caused by or resulting from human or animal forces or any act of nature.

. . .

10. **Water Damage**, meaning:
    a. (1) flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, storm surge or spray from any of these, whether or not driven by wind, including hurricane or similar storm; or
       (2) release of water held by a dam, levee, dike or by a water or flood control device or structure;
    b. water below the surface of the ground, including that which exerts pressure on, or seeps or leaks through a building, all, bulkhead, sidewalk, driveway, foundation, swimming pool,

4

      hot tub, or spa, including their filtration and circulation systems, or other structure.
- **c.** water which escapes or overflows from sewers or drains located off the ***residence premises***;
- **d.** water which escapes or overflows from drains or related plumbing appliances on the ***residence premises***. However, this exclusion does not apply to overflow and escape caused by malfunction on the ***residence premises***, or obstruction on the ***residence premise***, of a drain or plumbing appliance on the ***residence premises***; or
- **e.** water which escapes or overflows or discharges, for any reason, from within a sump pump, sump pump well or any other system designed to remove water which is drained from the foundation area.

  Water incudes any water borne materials.

  This exclusion applies whether the water damage is caused by or resulting from human or animal forces or any act of nature.
. . .

**12.**   **Neglect,** meaning your failure to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.
. . .

**18.**   **Planning, Construction or Maintenance,** meaning faulty, inadequate or defective:
- **a.** planning, zoning, development, surveying, siting;
- **b.** design, specification, workmanship, repair, construction, renovation, remodeling, grading, compaction;
- **c.** materials used in repair, construction, renovation or remodeling or
- **d.** maintenance;

of property whether on or off the insured location by any person or organization. However, any ensuing loss not excluded is covered.

These exclusions, among others, may bar coverage for some or all of Plaintiff's claims.

### SIXTEENTH DEFENSE

The Policy (homeowners policy number OF2899779) provides that payment for Ordinance and Law Coverage is not owed unless those expenses are incurred:

5

### ADDITIONAL PROPERTY COVERAGES

The following **Additional Property Coverages** are subject to all the terms, provisions, exclusions, and conditions of this policy.
. . .
**7. Building Ordinance or Law Coverage**. We will pay for damage to Building Property We Cover resulting from a covered cause of loss in compliance with any ordinance or law that regulates the construction, repair or demolition of the property.

This coverage does not apply unless you choose to repair or rebuild your property at its present location.

We do not cover:

>**a.** the loss in value to any covered building or other structure due to the requirements of any
>ordinance or law; or

>**b.** the costs to comply with any ordinance which requires any insured or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, pollutants or contaminants. However, for purposes of Building Ordinance or Law Coverage, pollutants or contaminants shall not include asbestos or materials containing asbestos or lead.

This provision, among others, may bar or limit coverage for all or some of Plaintiff's claims.

### SEVENTEENTH DEFENSE

The Policy (homeowners policy number OF2899779) contains the following appraisal provision:

>**SPECIAL PROVISIONS – LOUISIANA**
>**SECTION 1 – PROPERTY CONDITIONS**
>
>**7. Appraisal**. If you and we do not agree on the amount of the loss, including the amount of ***actual cash value*** or ***replacement cost***, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of you or the company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall

6

then appraise the loss, stating separately the *actual cash value* and *replacement cost* of each item, and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two of these three, when filed with the company shall determine the amount of loss. However, this amount shall not be binding on either you or us.

Each party will:

**a.** pay its own appraiser; and
**b.** bear the other expenses of the appraisal and umpire equally.

In no event will an appraisal be used for the purpose of interpreting any policy provision, determining causation or determining whether any item or loss is covered under this policy. If there is an appraisal, we still retain the right to deny the claim.

This provision, among others, may limit coverage for some or all of Plaintiff's claims.

## EIGHTEENTH DEFENSE

The Policy (homeowners policy number OF2899779) imposes upon Plaintiff certain duties after an alleged loss:

**SPECIAL PROVISIONS – LOUISIANA**
**SECTION I – PROPERTY CONDITIONS**
. . .
**3.** **An Insured's Duties After Loss.** In case of a loss to which this insurance may apply, you must perform the following duties:
  **a.** cooperate with us in the investigation, settlement or defense of any claim or suit;
  **b.** give notice to us or our agent as soon as reasonably practical;
  **c.** notify the police in case of loss by theft;
  **d.** protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep an accurate record of repair expenses;
  **e.** prepare an inventory of the loss to the building and damaged personal property showing in detail the quantity, description, replacement cost and age. Attach all bills, receipts and related documents that justify the figures in the inventory;
  **f.** as often as we reasonably require:
   **(1)** exhibit the damaged and undamaged property;
   **(2)** provide us with records and documents we request and permit us to make copies; and

7

   **(3)**  submit to examinations under oath and subscribe the same. We may examine you separately and apart from your spouse or any other insured. You shall not interfere with us examining any other insured.

 . . .

Plaintiff's claim may be barred in whole, or in part, by failure to perform the duties required under the insurance contract.

## NINETEENTH DEFENSE

Defendant gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

## TWENTIETH DEFENSE

Defendant denies the allegations in any unnumbered or misnumbered paragraphs, the introductory paragraph, and the prayer for relief.

## ANSWER

Responding to the specific allegations of Plaintiff's Petition (R. Doc. 1-1), Safeco further states:

1.

Safeco admits the allegations contained in Paragraph 1 of the Petition.

2.

Safeco admits the allegations contained in Paragraph 2 of the Petition.

3.

In response to the allegations contained in Paragraph 3, Safeco has removed this matter to the United States District Court – Eastern District of Louisiana (R. Doc. 1). Further responding, Safeco does not dispute this Court's jurisdiction at this time.

4.

In response to the allegations contained in Paragraph 4, Safeco has removed this matter to the United States District Court – Eastern District of Louisiana (R. Doc. 1). Further responding, Safeco does not dispute this Court's jurisdiction at this time.

5.

Safeco admits the allegations contained in Paragraph 5 of the Petition.

6.

Safeco admits the allegations contained in Paragraph 6 of the Petition.

7.

In response to the allegations contained in Paragraph 7 of the Petition, Safeco issued homeowners insurance policy number OF2899779 (the "Policy") to Emile August insuring the property at 129 E. 8th Street, Edgard, Louisiana 70049, effective from May 20, 2021, to May 20, 2022. The Policy is adopted herein as if copied in its entirety and is the best evidence of the policy limits, provisions, terms, conditions, endorsements, and / or exclusions.

8.

In response to the allegations contained in Paragraph 8 of the Petition, Safeco issued homeowners insurance policy number OF2899779 (the "Policy") to Emile August insuring the property at 129 E. 8th Street, Edgard, Louisiana 70049, effective from May 20, 2021, to May 20, 2022. The Policy is adopted herein as if copied in its entirety and is the best evidence of the policy limits, provisions, terms, conditions, endorsements, and / or exclusions.

9.

Safeco admits the allegation contained in Paragraph 9 of the Petition upon information and belief.

10.

Safeco admits the allegations contained in Paragraph 10 of the Petition upon information and belief.

11.

Safeco denies the allegations contained in Paragraph 11 of the Petition as written.

12.

Safeco denies the allegations contained in Paragraph 12 of the Petition as written.

13.

Safeco denies the allegations contained in Paragraph 13 of the Petition as written.

14.

In response to the allegations contained in Paragraph 14 of the Petition, Safeco admits only that Plaintiff opened this claim on August 30, 2021. All further allegations contained in Paragraph 14 are denied.

15.

Safeco admits the allegations contained in Paragraph 15 of the Petition.

16.

Safeco denies the allegations contained in Paragraph 16 of the Petition as written.

17.

Safeco denies the allegations contained in Paragraph 17 of the Petition.

18.

Safeco denies the allegations contained in Paragraph 18 of the Petition as written.

19.

Safeco denies the allegations contained in Paragraph 19 of the Petition.

20.

Safeco denies the allegations contained in Paragraph 20 of the Petition.

21.

Safeco denies the allegations contained in Paragraph 21 of the Petition.

22.

Safeco denies the allegations contained in Paragraph 22 of the Petition as written.

23.

Safeco denies the allegations contained in Paragraph 23 of the Petition.

24.

Safeco denies the allegations contained in Paragraph 24 of the Petition.

25.

Safeco denies the allegations contained in Paragraph 25 of the Petition as written.

26.

Safeco denies the allegations contained in Paragraph 26 of the Petition.

27.

Safeco denies the allegations contained in Paragraph 27 of the Petition.

28.

Safeco denies the allegations contained in Paragraph 28 of the Petition as written.

29.

Safeco denies the allegations contained in Paragraph 29 of the Petition.

30.

Safeco denies the allegations contained in Paragraph 30 of the Petition.

31.

In response to the allegations contained in Paragraph 31 of the Petition, Safeco re-alleges, re-avers, and reasserts its responses to Paragraphs 1-30 as if fully restated herein.

32.

In response to the allegations contained in Paragraph 32 of the Petition, Safeco issued homeowners insurance policy number OF2899779 (the "Policy") to Emile August insuring the property at 129 E. 8th Street, Edgard, Louisiana 70049, effective from May 20, 2021, to May 20, 2022. The Policy is adopted herein as if copied in its entirety and is the best evidence of the policy limits, provisions, terms, conditions, endorsements, and / or exclusions.

33.

Safeco denies the allegations contained in Paragraph 33 of the Petition.

34.

Safeco denies the allegations contained in Paragraph 24 of the Petition including all of its subparts.

35.

Safeco denies the allegations contained in Paragraph 35 of the Petition.

36.

In response to the allegations contained in Paragraph 36 of the Petition, Safeco re-alleges, re-avers, and reasserts its responses to Paragraphs 1-35 as if fully restated herein.

37.

The allegations contained in Paragraph 37 of the Petition contains a statement of law to which no response is required. Out of an abundance of caution, Safeco denies the allegations contained therein.

38.

Safeco denies the allegations contained in Paragraph 38 of the Petition.

39.

The allegations contained in Paragraph 39 of the Petition contains a statement of law to which no response is required. Out of an abundance of caution, Safeco denies the allegations contained therein.

40.

Safeco denies the allegations contained in Paragraph 40 of the Petition.

41.

Safeco denies the allegations contained in Paragraph 41 of the Petition.

42.

Safeco denies the allegations contained in Paragraph 42 of the Petition.

43.

In response to the allegations contained in Paragraph 43 of the Petition, Safeco re-alleges, re-avers, and reasserts its responses to Paragraphs 1-42 as if fully restated herein.

44.

Safeco denies the allegations contained in Paragraph 44 of the Petition including all of its subparts. Plaintiff is not entitled to the damages sought.

45.

In response to the allegations contained in Paragraph 45 of the Petition, Safeco also requests a trial by jury.

"WHEREFORE"

Safeco denies the allegations contained in Plaintiff's prayer for relief. Plaintiff is not entitled to the relief sought.

## JURY DEMAND

Safeco respectfully requests a jury trial on all issues so triable.

Safeco prays that its affirmative defenses, answer, and jury demand be deemed good and sufficient, and that after due proceedings, this Court renders judgment in its favor, with all costs and fees assessed against Plaintiff.

Respectfully submitted,

*/s/ Joshua R Yeager*
H. Minor Pipes, III, 24603
Patrick J. Lorio, 38328
Joshua R. Yeager, 40111
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Facsimile: (504) 322-7520
mpipes@pipesmiles.com
plorio@pipesmiles.com
jyeager@pipesmiles.com

*Attorneys for Safeco Insurance Company of America*